IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS AKINRO | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-10-1627 |
| RODEWAY INN, et al. | * | |
| Defendants. | | |
| | *** | |

# **MEMORANDUM**

Plaintiff, who lists a Baltimore post office box as a service address and holds himself out as a "Professor" and Department of Justice employee, filed this 28 U.S.C. § 1331 action on June 17, 2010, naming Rodeway Inn and the Baltimore City Police Department as defendants. His statement of facts alleges that:

> "Defendants violate 18 U.S.C. Section 40 by starting extracting me from my personal properties and convert my properties to become the possession of Africa peoples at Adamaya farm of Lyere Owo in Ondo State of Nigeria without me able to touch any of the properties. On December 13, 2009 Mr. James Conway, who identified himself to be the night manager of Rodeway Hotel attacked me with his group at UCLA-Harbor Medical at 1000 Carson Street, Torrance, California 90522 by turning my head upside to my back and the blood is running out from both my mouth and ear until I nearly die before the power of God whom I am serving revive me back. On June 16, 2010 at about ten a.m. I was inside my hotel room eating my breakfast. Mr. James Conway knock at my door like the knock of war transferring Africa [unintelligible] or oogun to my chest ready to kill me by forcing the door open. I call Baltimore City Policemen when they came they refuse to take the report of what happen and instead asked me to leave the hotel as against July 14, 2010 I suppose to check out of the hotel. Baltimore City Policemen are planning to kill me and they are sending me out every housing as against Federal Equal Housing Opportunity."

Paper No. 1 at 2.

In his relief request, plaintiff seeks the award of $997,000,000,000,000.00, hotel accommodations, and that life imprisonment and the death penalty be imposed on James Conway, members of the Baltimore City Police Department, and others based on their "aggravated

circumstances." Although plaintiff's indigency application contains information the court finds suspect,[1] he shall be granted leave to proceed *in forma pauperis*.

This court may preliminarily review the complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* complaint a generous construction, the court finds no basis to allow the action to go forward or to require supplementation. The complaint allegations are incredible. The matter shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: June 22, 2010     _____/s/_____
                         Catherine C. Blake
                         United States District Judge

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at four separate banks. Paper No. 2.